IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED BANK,

        Plaintiff,

v.

EAST COAST RIGHT OF WAY
MAINTENANCE, INC., et al.,

        Defendants.

CIVIL ACTION NO. 2:19-cv-00473

**ORDER**

Pending before the Court is Plaintiff United Bank's ("Plaintiff") Motion for Default Judgment against Defendants East Coast Right of Way Maintenance, Inc. ("East Coast") and Robert W. Smith ("Smith") (collectively, "Defendants"). (ECF No. 22.) For the reasons discussed below, the Court **GRANTS** the motion.

Plaintiff filed the instant action on June 21, 2019, alleging breach of contract claims against Defendants for its default on three (3) business loans. (*See* ECF No. 1.) Neither of the Defendants have answered the Complaint or otherwise defended against this lawsuit, despite being properly served on September 19, 2019. (*See* ECF Nos. 14, 15.) On October 17, 2019, Plaintiff applied for entry of default, (ECF No. 16), and the Clerk entered default against both defendants on October 23, 2019, pursuant to Federal Rule of Civil Procedure 55(a), (ECF No. 18). On November 14, 2019, Plaintiff filed the present motion for entry of a default judgment against Defendants. (ECF No. 22.) Defendants have not responded to the motion. As such, the motion is now ripe for disposition.

District courts may enter default judgment against a properly served defendant under Federal Rule of Civil Procedure 55. Rule 55(a) provides for entry of default where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). After the clerk enters default, a party may move the court for default judgment pursuant to Rule 55(b). *See* Fed. R. Civ. P. 55(b).

When reviewing a motion for default judgment, courts should review the complaint to determine if the "face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 187 F.3d 628 (4th Cir. 1999) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The court should accept as true the well-pleaded factual allegations in the complaint, but default does not establish the amount of damages claimed. *See* Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). When a default judgment has been awarded, a plaintiff must prove damages to a reasonable certainty and when a defendant has failed to respond, the court must make an independent determination—by relying on affidavits, documentation, or an evidentiary hearing—of the sum to be awarded as damages. *See Ventura v. L. A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 104 (D.C.C. 2015.)

While the court may conduct a hearing to determine the amount of damages pursuant to Rule 55(b)(2), it may also award damages without a hearing where the amount claimed is "capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The court may calculate damages based on affidavits and documentary evidence. *Masco Corp. v. Bennett*, No. 3:08-cv-161-RJC-DCK, 2010 WL 1405136, at *2 (W.D. N.C. Mar. 31, 2010); *see also* Fed. R. Civ. P. 55(b)(2) (providing that a court may hold a hearing before entering default judgment as

necessary to "conduct an accounting; determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter."). Courts are afforded significant discretion when determining the need for a hearing on damages. *Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly.").

More than three months have passed since Defendants were served with the Summons and Complaint, yet they have failed to respond or otherwise appear or defend against this action. As a result, the factual allegations in the Complaint are deemed admitted, *see* Fed. R. Civ. P. 8(b)(6), and default judgment against Defendants is proper.

Accepting the factual allegations in the Complaint as true, Plaintiff and East Coast entered into a Commercial Promissory Note on July 17, 2014, for the principal amount of $2,589,000.00, to which Smith personally guaranteed, ("Count One Loan"). (ECF No. 1 ¶¶ 5–13.) Defendants defaulted on the Count One Loan, leaving a total balance of $1,935,357.07. (*Id.* ¶¶ 9, 10.) Since the Complaint was filed, Plaintiff received the sums of $644,709.07 and $16,500 from the sale of collateral equipment secured for the loan. These amounts were applied to the principal balance due on the loan. (ECF No. 22-2 (LeMasters Aff.).) As of November 4, 2019, the total balance due for the loan is $1,313,070.22. (*Id.*) Plaintiff and Smith entered into a second Commercial Promissory Note on March 28, 2013, for the principal amount of $1,500,000 ("Count Two Loan"). (ECF No. 1 at ¶¶ 14–18.) Defendant Smith defaulted on the Count Two Loan, and as of November 4, 2019, the total balance due is $1,332,985.45. (*Id.* ¶¶ 17–18; ECF No. 22-2.) On August 5, 2014, Plaintiff made a third loan to Smith for the principal amount of $150,000 ("Count

Three Loan"). (ECF No. 1 at ¶¶ 19–23.) Defendant Smith defaulted on the Count Three Loan, and as of November 4, 2019, the total balance due is $142,004.67. (*Id.* ¶¶ 22–23; ECF No. 22-2.) The Court finds that the allegations in the Complaint, as supplemented by the evidence submitted in support of the instant motion for default judgement, support the requested default judgment in this case.

Additionally, Plaintiff seeks judgment for its legal fees and costs incurred to enforce the loans against Defendants. (ECF No. 22.) Rule 54 of the Federal Rules of Civil Procedure allows a party to file a claim for attorney's fees and related nontaxable expenses "unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed. R. Civ. P. 54(d)(2)(A). Here, the loan agreements provide that Defendants will be responsible for Plaintiff's attorneys' fees and costs incurred in connection with the enforcement of the loans. (ECF No. 22-2 (Loan Agreements).) Plaintiff has submitted affidavits from its counsel detailing the legal fees and expenses incurred in this case. (ECF No. 22-3 (James Lane Aff.); ECF No. 22-4 (Paul Fanning Aff.).) Plaintiff has incurred legal fees and expenses from two separate law firms for a total of $71,784.25: $33,091.31 for legal services from Flaherty Sensabaugh Bonasso, PLLC and $38,692.94 for legal services from Ward and Smith, P.A. The work billed directly relates to analyzing the loan documents, providing notices of default, preparing the Complaint and accompanying documents, prosecuting foreclosure actions, and preparation for a public auction. Based upon the supporting affidavits, the Court finds that Plaintiff's request for attorneys' fees is reasonable and, therefore, accepts the proposal.

Accordingly, Plaintiff's Motion for Default Judgment, (ECF No. 22), is **GRANTED**. The Court **ENTERS** final judgment against Defendants East Coast Right of Way Maintenance, Inc. and Robert W. Smith and **ORDERS** the following:

1. Under Count One Loan, Defendants shall be jointly and severally liable in the amount of $1,313,070.00 for the unpaid principal, pre-judgment interest, and late charges; $38,864.00 in legal fees and costs; and interest at a rate of $280.14 per day from November 4, 2019, until this judgment is paid in full;

2. Under Count Two Loan, Defendant Smith shall be liable in the amount of $1,332,985.45 for the unpaid principal, pre-judgment interest, and late charges; $16,461.00 in legal fees and costs; and interest at a rate of $322.05 per day from November 4, 2019, until this judgment is paid in full;

3. Under Count Three Loan, Defendant Smith shall be liable in the amount of $145,004.67 for the unpaid principal, pre-judgment interest, and late charges; $16,461.00 in legal fees and costs; and interest at a rate of $41.29 per day from November 4, 2019, until this judgment is paid in full.

As no claims remain pending, the Clerk is **DIRECTED** to remove this action from the docket of this Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 27, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE